IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND H. DOUGLAS,

      Plaintiff,

vs.                                                    CASE NO.  1:99CV 17 SPM

THE CITY OF GAINESVILLE, FLORIDA,
a Municipal corporation; DONALD SHINNAMON,
in his official capacity; G. ARMAGOST; R. ROBERTS;
and M. BIRKHOLD, in their individual capacities.

      Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTIONS IN LIMINE

The Plaintiff responds to the Defendants' Motion for Protective Order and Motions in Limine, and would state:

### 1. RESPONSE TO MOTION FOR PROTECTIVE ORDER

The Defendants' motion for a protective order is moot.  When defense counsel informed plaintiff's counsel that the defendant did not wish to take the scheduled deposition of David Burns, said deposition was voluntarily canceled.



## 2. RESPONSE TO MOTIONS IN LIMINE ISSUE 1

The Defendants' motion is not clear as to the relief they are requesting. The motion states that the Defendants want the Court to instruct the parties not to mention any issue relating to allegations of negligence on behalf of the Defendants in this case.

The standard of proof before the Court on the Plaintiff's allegations of excessive force require an analysis under the Fourth Amendment of the United States Constitution. The inquiry is whether the officers' actions, in using the force alleged to be excessive, was objectively reasonable in light of the facts and circumstances confronting the officer. See, *Graham v. Connor*, 490 U.S. 386, 104 L.Ed.2d 443, 109 Sup.Ct. 1865 (1989).

Municipal liability against Defendant CITY OF GAINESVILLE, may be established through proof of constitutional deprivations, that being violation of the Fourth Amendment pursuant to a governmental "custom," regardless of whether or not the custom has received formal approval when an act may be fairly said to represent the official policy of that entity. *Monnell v. Dept. Of Social Services of the City of New York*, 436 U.S. 658, 56 L.Ed. 2d 611, 98 Sup.Ct. 2018 (1978).

The burden of proof in this case is not negligence, and this is not a negligence case. Issues of negligence may be relevant to showing a pattern and practice of the CITY through repeated instances of failure to use due care to such an extent that a logical inference could be drawn that the failure to use due care on repeated incidences is not merely negligent but evidences a deliberate indifference to known deficiencies within said department. For example, in *Grandstaff v. City of Borger, Texas*, 767 F.2d 161 (5th Cir. 1983), one of the methods of proving municipal liability was to show that the City policymakers accepted a repeated pattern of reckless disregard for life and safety amongst the city's police officers.

2

This repeated acceptance of failure to use due care is relevant in proving a pre-existing disposition of said municipality and their subsequent acceptance of such dangerous behavior. *Id*, at 171.

Ignoring repeated issues of negligence could be construed as gross negligence. A custom or policy of gross negligence can amount to a deliberate indifference to form municipal liability for recruitment, training and supervision or failure to discipline police officers. See, *Bordanaro v. McLeod*, 871 Fed.2d 1151 (1st Cir. 1989).

Again, the Plaintiff is unsure what the Defendants are requesting the Court to do herein. This is not a negligence case nor is negligence the standard of proof, but there may be issues relating to repeated negligence and gross negligence that are directly related to the issues in this cause. For those reasons, the Defendants' motion should be denied.

### 3. RESPONSE TO MOTIONS IN LIMINE ISSUE 2

The Defendants also request that the Plaintiff be prohibited from bringing any testimony or evidence regarding a pattern of the misuse of police dogs on other persons. As the Plaintiff has already briefed in his response to the Defendants' motion to strike, part of the Plaintiff's burden in this case is to show a pattern and practice of misuse of police dogs in order to establish municipal liability under *Monnell v. Dept. Of Social Services of the City of New York*, Supra.

Inadequate training has been found actionable for municipal liability when it amounts to a custom or practice. See, *Kibbey v. City of Springfield*, 777 Fed.2d 801 (1st Cir. 1985) at 803. Municipal liability can also be shown for subsequent acceptance of dangerous recklessness by the municipality to prove the pre-existing disposition and policy. See, *Grandstaff v. City of Borger, Texas,* 767 F.2d 161 (5th Cir. 1985). In this case, this will be

3

done by showing other specific instances of reckless deployment of police dogs in violation of the Department's own policy, and that the City did not adequately investigate, retrain, reprimand, counsel, or even properly investigate said incidences.

The Court, in *Kibbey v. City of Springfield*, (Supra) specifically found that "a police chief's failure to make changes in practices in the aftermath of this incident allowed an inference that the officer's actions were the way things are done . . . and thus reflected city policy," at 806.

The Defendants' motion seems to imply that they want to prevent introduction of the proof that is necessary for the Plaintiff to sustain their claims herein.  As such, the motion should be denied.

> Respectfully submitted,
>
> Robert A. Rush
> Florida Bar #0559512
> 726 N. E. First Street
> Gainesville, FL 32601
> (352) 373-7566
> Attorney for Plainitff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by hand delivery to John D. Jopling, Gainesville, Florida, this _____ day of November, 1999.

> Robert A. Rush

4